**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2020

No. 19-50382
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URBANO BAZ-BAUTISTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-79-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Urbano Baz-Bautista appeals his conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He challenges the district court's denial of his motion to dismiss the indictment as invalid, arguing that his initial removal order was void because the notice to appear in the initial removal proceedings failed to specify a time and date for his removal hearing. He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50382

F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Pedroza-Rocha* and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).

In *Pedroza-Rocha*, 933 F.3d at 496-98, we concluded that the notice to appear was not deficient for failing to specify a date and time for the hearing, that any such deficiency had not deprived the immigration court of jurisdiction, and that the petitioner could not collaterally attack his notice to appear without first exhausting administrative remedies.  Thus, as Baz-Bautista concedes, his arguments are foreclosed.  *See id.*  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.